IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KELSI KENNEDY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GETTYSBURG COLLEGE, *et al.*, | : | No. 18-4488 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                       **March 19, 2019**

Kelsi Kennedy alleges that she was sexually assaulted at a fraternity party on the campus of Gettysburg College while visiting her brother, who was a student there. Kennedy asserts claims against Gettysburg, Phi Sigma Kappa Fraternity, Phi Sigma Kappa Druid Alumni Association, Edward Carroll, two John Does, and fictitious corporations (collectively, "Defendants"). Now before the Court are motions to dismiss for improper venue and for failure to state a claim. Because venue is improper in this District, the Court will transfer the case to the Middle District of Pennsylvania.

**I.    BACKGROUND**

While visiting her brother at Gettysburg College, Kennedy attended a party "on Gettysburg Campus on the premises of 343 Carlisle Road, Gettysburg, PA 17325." (Compl. ¶¶ 13-14.) Kennedy asserts that this premises "was owned, operated, controlled, managed, and maintained by Defendants Gettysburg College, Phi Sigma Kappa fraternity, Phi Sigma Kappa Druid Alumni Association, one or all of them." (*Id.* ¶ 15.) Kennedy arrived at the party sober, but accepted a beverage from someone serving as a bartender at the party. (*Id.* ¶¶ 19, 21.) Shortly after that, she "has vague memories of being led by someone into a smaller room" upstairs. (*Id.* ¶ 22.) She "recalls there being pressure on her body and being restrained to some degree and being unable to move."

1

(*Id.* ¶ 23.) After returning to her brother's apartment, she went to an emergency room "as a result of pain, discomfort, bruising, and scratching in and on her body." (*Id.* ¶¶ 24-25.) A "rape kit" was performed, which "revealed the presence of three semen samples." (*Id.* ¶¶ 25-26.) Defendant Edward Carroll was identified as the source of one sample. (*Id.* ¶ 26.) Kennedy states that she "did not consent to sexual relations" with Edward Carroll, John Doe 1, or John Doe 2, nor "anyone else that evening." (*Id.* ¶ 27.)

Kennedy alleges that she reported the sexual assault to the Gettysburg College Security Office as well as the Gettysburg Police Department. (*Id.* ¶ 29.) However, she asserts that the college "did not take any administrative actions against the Defendants." (*Id.* ¶ 30.)

Kennedy asserts the following claims: two claims for violations of Title IX, as well as a constitutional claim pursuant to 42 U.S.C. § 1983, against Gettysburg; claims for "sexual assault/sexual abuse/battery" against Carroll and two John Doe defendants; and claims for negligence, negligent hiring and supervision, and punitive damages against Gettysburg, Phi Sigma Kappa Fraternity, and Phi Sigma Kappa Druid Alumni Association. Gettysburg College has moved to dismiss for improper venue or, alternatively, to transfer the case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Additionally, all Defendants have moved to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for improper venue, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). The "defendant[s] . . . bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). When seeking to transfer a case pursuant to 28 U.S.C. § 1406,

"the burden is on the moving party to establish that the transfer is warranted." *Collins v. Garman*, Civ. A. No. 07-2370, 2007 WL 2740297, at *2 (E.D. Pa. Sept. 19, 2007).

## III. DISCUSSION

### A. Venue is Improper in the Eastern District of Pennsylvania

A plaintiff may bring a case in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). A natural person is a resident of "the judicial district in which that person is domiciled." *Id.* at § 1391(c)(1). An entity, if it is the defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* at § 1391(c)(2).

To determine whether a substantial part of the events or omissions giving rise to a cause of action occurred within a district, "[t]he test . . . is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). The Third Circuit has observed that the venue provision "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial," and that "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Gettysburg College asserts that venue is improper here, because "[a]ll the relevant events alleged in the Complaint took place in Adams County Pennsylvania, which is located in the Middle District of Pennsylvania." (Br. in Supp. of Def. Gettysburg College's Mot. to Dismiss at 3.)

Gettysburg further argues that there are no allegations that pertain to the Eastern District of Pennsylvania and none of the parties are in this District. (*Id.*) Kennedy does not dispute that Gettysburg College—and the site of the party she attended—are in the Middle District of Pennsylvania. Rather, she simply asserts that "Phi Sigma Kappa Fraternity has a business chapter/location within the City of Philadelphia . . . which subjects said defendant, and all Defendants, to the court's personal jurisdiction under 28 U.S.C. § 1391(c)(2) in the Eastern District of Pennsylvania." (Pl.'s Br. in Opp. to Mot. of Def. Gettysburg College to Transfer Pl.'s Compl. or to Dismiss Pl.'s Compl. at 9.)[1] Kennedy also argues that, because Gettysburg College recruits students in the Philadelphia area, it has the "minimum business contacts necessary for the Eastern District of Pennsylvania to maintain venue." (*Id.*)

The Court agrees with Gettysburg that venue is improper in this District. First, there is no dispute among the parties that Edward Carroll is domiciled in Connecticut and resides there for purposes of venue. Thus, even assuming that Gettysburg and Phi Sigma Kappa Fraternity reside within the Eastern District of Pennsylvania as Kennedy argues, all of the defendants do not reside within the same state, making the first prong of 28 U.S.C. § 1391(b) inapplicable. Second, all of the events giving rise to Kennedy's causes of action occurred within the Middle District of Pennsylvania. Therefore, the case could have been properly brought in that district, making the third prong of 28 U.S.C. § 1391(b) inapplicable.

**B. The Court will Transfer the Case to the Middle District of Pennsylvania**

An action may be transferred, rather than dismissed, to a district where it might have been initially brought. If venue is improper, the district court "shall . . . if it be in the interest of justice,

---

[1] Kennedy failed to include any page numbers in her brief. Thus, the Court will refer to the ECF-generated page number.

transfer" the lawsuit to an appropriate district. 28 U.S.C. § 1406(a). Generally, "[d]ismissal is a disfavored remedy because of the strains it imposes on judicial and party resources." *Knight v. Corp. for Nat. & Cmty. Serv.*, Civ. A. No. 03-2433, 2004 WL 2415079, at *6 (E.D. Pa. Oct. 28, 2004). Here, the Court will not dismiss the case because dismissal would impose unnecessary costs on Kennedy and create an additional step in the judicial process by requiring her to refile her claim elsewhere. Rather, the Court will transfer the case to the Middle District of Pennsylvania.

## IV. CONCLUSION

For the reasons discussed above, the court finds that venue is improper. In lieu of dismissal, the Court will transfer the case in the interest of justice to the Middle District of Pennsylvania. Gettysburg College, Phi Sigma Kappa Druid Alumni Association, and Edward Carroll's motions to dismiss pursuant to Rule 12(b)(6) are denied as moot.[2] An Order consistent with this Memorandum will be docketed separately.

---

[2] Because Kennedy does not oppose Phi Sigma Kappa Fraternity's motion to dismiss, the Court will grant that motion as unopposed.